```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


SCHLUMBERGER TECHNOLOGY           §
CORPORATION,                      §
                                  §
             Plaintiff,           §
                                  §
v.                                §   CIVIL ACTION NO. H-09-0522
                                  §
TURNKEY E&P INCORPORATED,         §
                                  §
             Defendant.           §
```

**MEMORANDUM OPINION AND ORDER**

Schlumberger Technology Corporation ("Schlumberger") brings this action against Turnkey E&P Incorporated ("Turnkey")[1] alleging breach of contract and fraudulent inducement concerning a guaranty agreement that Turnkey allegedly signed on behalf of its wholly-owned subsidiary, Turnkey E&P Corporation. Pending before the court is Schlumberger's Motion for Partial Summary Judgment (Docket Entry No. 17) seeking to establish Turnkey's indebtedness under Schlumberger's breach of contract claim. For the reasons explained below, the court will deny the motion.

I.  **Factual and Procedural Background**

This action concerns a dispute whether a guaranty agreement signed by an officer of Turnkey makes Turnkey responsible for debts

---

[1] The defendant in this action states that its legal name is Turnkey E&P Inc., and disputes whether there is a legal entity named Turnkey E&P Incorporated. The court will refer to the defendant in this action as "Turnkey," and will refer to the defendant's subsidiary Turnkey E&P Corporation, which is not a party to this action, by its full name.

owed by its subsidiary, Turnkey E&P Corporation, to Schlumberger for oilfield services. Turnkey E&P Corporation, a Nevada corporation engaged in the business of oil and gas exploration in Texas and Louisiana, is involved in bankruptcy proceedings and is not a party to this action. Turnkey is a foreign corporation with its principal place of business in Calgary, Alberta.[2] Schlumberger, a provider of oilfield services, is a Texas corporation with its principal place of business in Houston, Texas.[3] The court has diversity jurisdiction under 28 U.S.C. § 1332.

Turnkey formed Turnkey E&P Corporation as a wholly-owned subsidiary in late 2005.[4] In 2006 Turnkey E&P Corporation entered into negotiations with Schlumberger to provide oilfield services at sites leased by Turnkey E&P Corporation. Schlumberger requested that Turnkey guarantee any debts incurred by Turnkey E&P Corporation. On June 13, 2006, John Y. Jo, the Chief Operating Officer ("COO") of Turnkey and the President of Turnkey E&P Corporation at that time,[5] signed a Guaranty Agreement between "Turnkey E&P Incorporated" and Schlumberger that purported to

---

[2] Plaintiff Schlumberger Technology Corporation's First Amended Complaint, Docket Entry No. 16, p. 1.

[3] Id.

[4] Affidavit of Martin Hall, Exhibit D to Defendant Turnkey E&P Inc.'s Response to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Response"), Docket Entry No. 18, ¶ 3.

[5] Id. ¶ 5.

-2-

guarantee Turnkey E&P Corporation's debts to Schlumberger.[6] The agreement provides:

> Whereas, Schlumberger is not willing to extend credit to the Company [Turnkey E&P Corporation] unless Guarantor unconditionally guarantees payment of the present and future indebtedness and obligations of the Company to Schlumberger . . . . [T]o the extent that Schlumberger advances funds or extends credit to the Company, and does not receive payments or benefits thereon in the amounts and at the times, required or provided by applicable agreements or laws, Guarantor [Turnkey E&P Incorporated] is absolutely jointly and severally liable to make such payments to (and confer such benefits on) Schlumberger, on a timely basis.[7]

The Guaranty Agreement includes in its definition of "Guaranteed Debt" all present and future liabilities, interest on those liabilities, and all costs arising in connection with the collection of debts, including attorney's fees.[8] The agreement contains a choice of law provision stating, "THIS GUARANTY AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF TEXAS."[9]

The Guaranty Agreement is signed by John Y. Jo. The words "Chief Operating Officer" are written underneath his signature.[10]

---

[6]Guaranty Agreement, Exhibit 2 to Plaintiff Schlumberger Technology Corporation's Motion for Partial Summary Judgment ("Plaintiff's Motion"), Docket Entry No. 17.

[7]Id. at 1.

[8]Id.

[9]Id. at 5.

[10]Id. at 5.

-3-

Next to the signature line is listed an address in Houston, Texas. Jo acknowledges that his signature on the agreement is authentic, but disputes whether he wrote the words "Chief Operating Officer" under the signature.[11]

Between 2006 and 2009 Schlumberger provided oilfield services for Turnkey E&P Corporation at at least four well sites in Texas and Louisiana. Schlumberger alleges that Turnkey E&P Corporation has failed to pay $627,549.72 that it owes Schlumberger for services and equipment provided.[12] The parties have indicated that Turnkey E&P Corporation is currently in bankruptcy proceedings.

On February 9, 2009, Schlumberger sent a demand letter to Robert Tessori, Turnkey's current President and Chief Operating Officer, demanding payment on Turnkey E&P Corporation's debts. On February 20, 2009, Schlumberger filed this action (Docket Entry No. 1). On November 13, 2009, Schlumberger filed a motion for partial summary judgment on its breach of contract claim (Docket Entry No. 17). The primary question is whether Schlumberger has established that there are no material fact questions regarding Jo's authority to execute the Guaranty Agreement on Turnkey's behalf.

---

[11]Deposition of John Y. Jo, Exhibit 7 to Plaintiff's Motion, Docket Entry No. 17, p. 46, ll. 6-18.

[12]Affidavit of James M. Sczudlo, Exhibit 1 to Plaintiff's Motion, Docket Entry No. 17, p. 2.

## II.  **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S.Ct. at 2553-2554).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  Id. (citing Celotex, 106 S.Ct. at 2553-2554).  In reviewing the evidence "the court must draw all reasonable inferences in

favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

Schlumberger argues that it is entitled to summary judgment on its breach of contract claim because it has presented evidence establishing each element of a breach of guaranty agreement under Texas law, and there is no question of material fact concerning Turnkey's liability. Turnkey argues that Schlumberger is not entitled to summary judgment because there are material fact issues concerning Turnkey's liability under the Guaranty Agreement.

**A.   Applicable Law**

The Guaranty Agreement states that it shall be construed according to Texas law.[13] This choice of law provision is not conclusive, however, because Turnkey disputes the validity of the contract. Nevertheless, because Turnkey has cited only Texas law on questions of contract validity and interpretation, the court concludes that Turnkey agrees that Texas law governs this dispute.

---

[13]Guaranty Agreement, Exhibit 2 to Plaintiff's Motion, Docket Entry No. 17, p. 5.

In any event, applying Texas law to this action is appropriate under the choice-of-law analysis. As a federal court sitting in diversity, the court applies the choice-of-law rules of the forum state. Caton v. Leach Corp., 896 F.2d 939, 942 (5th Cir. 1990). Texas, the forum state, follows the "most significant relationship" approach in choice-of-law analyses. Hughes Wood Prods., Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000). Under this analysis it is relevant that the agreement was signed in Texas, by parties doing business in Texas, to guarantee debts arising from oilfield services performed largely in Texas. Since Texas has the most significant relationship to this dispute of any state, Texas law governs the dispute.

**B.   Schlumberger's Argument:   Breach of Guaranty Agreement**

Schlumberger argues that it has presented evidence establishing all required elements for breach of a guaranty agreement under Texas law. A guaranty agreement creates a secondary obligation under which the guarantor promises to answer for the debt of the primary obligor if the primary obligor fails to perform. Garner v. Corpus Christi Nat'l Bank, 944 S.W.2d 469, 475 (Tex. App. -- Corpus Christi 1997, writ denied). To recover under a guaranty agreement a plaintiff must show (1) the existence and ownership of the guaranty agreement, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or the refusal

to perform the promise by the guarantor. <u>Byrd v. Estate of Nelms</u>, 154 S.W.3d 149, 157 (Tex. App. -- Waco 2004, pet. denied).

To prove these elements Schlumberger has presented the Guaranty Agreement itself,[14] affidavit testimony and financial documents showing that Turnkey E&P Corporation owes money to Schlumberger for oilfield services and equipment provided,[15] and deposition testimony that Turnkey has not paid Schlumberger for Turnkey E&P Corporation's past-due debts.[16]  Turnkey argues that Schlumberger has failed to prove the first element of a breach of guaranty agreement claim because there are material fact issues regarding whether Jo had actual or apparent authority to execute a guaranty agreement on Turnkey's behalf, which call into question the validity of the agreement.  Schlumberger argues that Jo had authority to execute the Guaranty Agreement in his capacity as Chief Operating Officer of Turnkey.

**C.   Jo's Authority to Execute the Guaranty Agreement**

Turnkey argues that Jo lacked either actual or apparent authority to execute the Guaranty Agreement, and that the Guaranty Agreement is therefore not binding on Turnkey.

---

[14]Guaranty Agreement, Exhibit 2 to Plaintiff's Motion, Docket Entry No. 17.

[15]Affidavit of James Sczudlo, Exhibit 1 to Plaintiff's Motion, Docket Entry No. 17.  The financial documents are provided in Exhibits 4, 5, and 6 to Plaintiff's Motion.

[16]Deposition of Martin Hall, Exhibit 7 to Plaintiff's Motion, Docket Entry No. 17, p. 33, line 14 to p. 37, line 21.

1.  <u>Actual Authority</u>

It is undisputed that Jo signed the Guaranty Agreement while he was Chief Operating Officer of Turnkey. The question is whether Jo, as an agent of Turnkey, had the authority to execute the Guaranty Agreement on Turnkey's behalf.

Texas law does not presume agency; the party asserting agency has the burden of proving it. <u>IRA Res., Inc. v. Griego</u>, 221 S.W.3d 592, 597 (Tex. 2007). Absent either actual or apparent authority, an agent cannot bind a principal. <u>Sanders v. Total Heat & Air, Inc.</u>, 248 S.W.3d 907, 913 (Tex. App. -- Dallas 2008, no pet.). Actual and apparent authority are both created through conduct of the principal communicated either to the agent (actual authority) or to a third party (apparent authority). <u>Gaines v. Kelly</u>, 235 S.W.3d 179, 182 (Tex. 2007). Actual authority, express or implied, usually denotes that authority the principal (1) intentionally confers upon the agent, (2) intentionally allows the agent to believe he possesses, or (3) by want of due care allows the agent to believe he possesses. <u>2616 S. Loop L.L.C. v. Health Source Home Care, Inc.</u>, 201 S.W.3d 349, 356 (Tex. App. -- Houston [14th Dist.] 2006, no pet.).

Turnkey argues that Jo lacked actual authority to execute the Guaranty Agreement on Turnkey's behalf because Turnkey's bylaws specifically require the approval of the board of directors for the execution of a guaranty agreement. Turnkey has provided an affidavit from Martin Hall, its Chief Financial Officer, stating:

> 6. At no time did Turnkey E&P Inc. ever give John Y. Jo permission to enter into the Guaranty Agreement.
>
> 7. Turnkey E&P Inc.'s bylaws require that all guaranty agreements, in which Turnkey E&P, Inc. is guaranteeing the financial obligations of one of its subsidiaries, be approved by the board of directors of Turnkey E&P Inc. Turnkey E&P, Inc.'s board of directors were not aware of and never approved the Guaranty Agreement.[17]

Hall's statements establish that there is a fact question whether Jo had express authority to execute a Guaranty Agreement. Schlumberger has not presented evidence that Turnkey expressly authorized Jo to execute the Guaranty Agreement, nor has Schlumberger provided any evidence that would give rise to a finding of implied authority, such as evidence that the board had led Jo to believe that he had such authority, or that Jo had executed guaranty agreements in the past without board approval. Given Martin's statement and the lack of evidence to establish implied authority, the court concludes that there are material fact issues regarding Jo's actual authority to execute a guaranty agreement.

### 2. Apparent Authority

Schlumberger argues in the alternative that Turnkey should be bound by the Guaranty Agreement because Jo, as Turnkey's COO, had apparent authority to execute such an agreement. Apparent authority, based on estoppel, arises "either from a principal knowingly permitting an agent to hold [himself] out as having

---

[17]Affidavit of Martin Hall, Exhibit D to Defendant's Response, Docket Entry No. 18, ¶ 7.

authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority [he] purports to exercise." Gaines, 235 S.W.3d at 182 (quoting Baptist Mem. Hosp. Sys. v.. Sampson, 969 S.W.2d 945, 948 (Tex. 1998)). The essential elements required to establish apparent authority are: (1) a reasonable belief in the agent's authority, (2) generated by some holding out or neglect of the principal, and (3) a justifiable reliance on the authority. 2616 S. Loop, 201 S.W.3d at 356; see Sampson, 969 S.W.2d at 947 n.2, 948-49. The Texas Supreme Court has made clear that a principal's full knowledge of all material facts is essential to establish a claim of apparent authority based on estoppel. Gaines, 235 S.W.3d at 182.

Whether or not it was reasonable for Schlumberger to rely on Jo's authority to execute the Guaranty Agreement, Schlumberger has not presented sufficient evidence for the court to conclude that its reliance was generated by a "holding out or neglect" by Turnkey. Schlumberger has not, for example, presented evidence that Jo executed such agreements in the past with board approval, or that the board knew about this particular agreement and chose to ignore it. Turnkey has presented evidence that the board was unaware of the Guaranty Agreement until shortly before the filing of this action. Given the absence of evidence of conduct by Turnkey that would have led Schlumberger to reasonably believe that

-11-

Jo had authority to execute a Guaranty Agreement on Turnkey's behalf, there is a fact question whether Jo had apparent authority to execute the agreement.

Schlumberger argues that as COO Jo held a position as general agent, citing a Texas case in which a COO was held to have general authority to execute agreements on behalf of his company. <u>Plains Builders, Inc. v. Pride Transport Co.</u>, 554 S.W.2d 59 (Tex. Civ. App. 1977). In that case, however, the COO was also the president and major shareholder of the company; indeed, at the time of the transaction in issue the company, Wardlaw Transport Express, shared a name with the COO, Stanley Wardlaw. <u>Id.</u> at 60. In the present action, by contrast, Jo was one of several officers of Turnkey and would not necessarily have appeared to a reasonable observer to have general control over the company. Given these distinctions the court is not persuaded that <u>Plains Builders</u> stands for the proposition that a COO is always a general agent. While Jo may in fact have had the authority of a general agent, Schlumberger has not presented evidence that Turnkey bestowed such authority on him, or that COO's generally hold such authority. In the absence of such evidence, there are material fact issues regarding Jo's authority to execute guaranty agreements.

**D. Conclusion**

The court concludes that there are material fact issues regarding Jo's authority to execute the Guaranty Agreement on

-12-

Turnkey's behalf. The court therefore concludes that Schlumberger is not entitled to summary judgment on its breach of guaranty agreement claim. Because this issue is dispositive of this motion, the court will not consider Turnkey's alternative argument that the Guaranty Agreement is ambiguous.

### IV. Turnkey's Evidentiary Motions

Turnkey has made a number of objections to Schlumberger's submitted summary judgment evidence (Docket Entry No. 19). Turnkey's first two objections relate to the statement in Sczuldo's affidavit that Schlumberger "is entitled to enforce the Guaranty Agreement."[18] The court agrees that this statement is a legal conclusion; and, accordingly, it has not considered the statement in its analysis. Turnkey's remaining objections relate to passages from the depositions of Jo and Hall. The court concludes that these passages, when reviewed in context, are appropriate summary judgment evidence. In any event, these objections are moot because the court is denying Schlumberger's summary judgment motion.

### V. Conclusion and Order

Because there are material fact issues regarding whether Jo had authority to execute the Guaranty Agreement on Turnkey's behalf, the court concludes that Schlumberger is not entitled to

---

[18]Defendant Turnkey E&P Inc.'s Objections to Plaintiff's Summary Judgment Evidence, Docket Entry No. 19, pp. 1-2.

partial summary judgment on its breach of contract claim. Therefore, Plaintiff Schlumberger Technology Corporation's Motion for Partial Summary Judgment (Docket Entry No. 17) is **DENIED**.

**SIGNED** at Houston, Texas, on this 30th day of December, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE